IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES F. HARRIS, JR. AND EARLINE M. HARRIS,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **CASE NUMBER: CV-10--697** |
| **HANCOCK BANK,** | ) ) ) | |
| **Defendant.** | ) | |

## COMPLAINT

### INTRODUCTION

1. NOW COME the Plaintiffs and as their Complaint against Defendant, HANCOCK BANK, state as follows:

### THE PARTIES

2. Plaintiffs Charles F. Harris, Jr., and Earline M. Harris are both over the age of nineteen (19) years and are residents of Baldwin County, Alabama.

3. At all times relevant hereto, Plaintiffs were consumers as that term is defined by ECOA.

4. HANCOCK BANK is engaged in the originating, holding and selling of federally related mortgage loans. HANCOCK BANK is a foreign corporation doing business in this district by making, holding and selling mortgage loans on real property within this district, through local banks and agents. HANCOCK BANK is a creditor as that term is defined in both the FCRA and ECOA.

### JURISDICTIONAL BASIS

5. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiffs pursuant

to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq.* as well as other applicable law.   This Court has supplemental jurisdiction over the state law claims for breach of contract and fraud in this matter based upon 28 U.S.C. § 1367, in that said state law claims are  related to the federal law claims in the action, and they form part of the same case and controversy.

6.   Defendant is liable to Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq.* as well as other applicable law.

7.   Venue is proper in this court because HANCOCK BANK resides in this district and state.  28 U.S.C. § 1391(b)(1).  Venue is proper in this district also pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### FACTUAL ALLEGATIONS

8.   On or about December 17, 2008, Plaintiffs were interested in obtaining a home loan and construction loan from Hancock Bank for a piece of real property located in Baldwin County, Alabama.   Plaintiffs spoke with Hancock Bank representative Dorthy Jackson and gave her information such as their social security numbers, employment, and other information necessary to submit a credit application for a loan for the purchase of said real property, and paid a $400.00 fee for an appraisal.  Shortly thereafter, Plaintiffs were asked by Hancock Bank and tendered a second $400.00 fee for an appraisal, and were told to complete their income tax return early which they did.  The first appraisal on the property was done on or about February 26, 2009, and the appraisal came back at $225,859; the Plaintiffs were given a good faith estimate by Hancock Bank at that time.

9.   Between March and mid-May of 2009, Hancock Bank did nothing to effect a closing of the loan with Plaintiffs.  Plaintiffs continued to call Hancock Bank to determine the

hold up, but were informed that Dorthy Jackson had left the employ of Hancock Bank, and no one else knew anything about their file or could help them.

10. In mid-May of 2009, Plaintiffs were informed by Duane Pettus of Hancock Bank that a title discrepancy had to be cleared on the subject property for the loan, and therefore, Plaintiffs hired an attorney to assist with that matter, which cost the Plaintiffs $2500.00.

11. On or about December 7, 2009, Hancock Bank asked Plaintiffs for updated information regarding their file, to which the Plaintiffs complied.

12. On or about December 19, 2009, Plaintiffs informed Hancock Bank that the title discrepancy was clear, however the Plaintiffs were informed that a portion of their file was lost and therefore title insurance could not be issued.

13. On or about late December of 2009, Plaintiffs secured their own title insurance for the subject property.

14. On or about January 13, 2010, Duane Pettus telephoned the Plaintiffs to request an additional $900.00 fee and discuss a new appraisal. Plaintiffs were told to contact Karen Thunderbird of Hancock Bank to discuss the matter further. Plaintiffs attempted to contact Ms. Thunderbird on several occasions during early to mid February 2010, and were finally able to speak with her on or about February 24, 2010.

15. On or about March 13, 2010 new appraisals were completed, and and Plaintiffs were told by a representative of Hancock Bank, via a telephone message, that the current appraisal was low and needed to come up and that another appraisal would be ordered.

16. Plaintiffs attempted to contact Hancock Bank at various times during March, 2010, and on or about March 26, 2010 Plaintiffs spoke with a representative of Hancock Bank who informed them that the appraiser had their telephone number and would contact them to view a storage house on the premises.

17.  Plaintiffs spoke to a representative of Hancock Bank by telephone on or about March 30, 2010, who informed them that Hancock Bank would not provide the loan. However, Plaintiffs never received written notice informing them of the reasons for said loan denial.

18.  The Defendant at no time provided Plaintiff with the notices required by the ECOA in connection with "action taken" on the credit application or its denial. Defendant's failure to comply with ECOA is intentional and ongoing. The Defendant at no time provided Plaintiff with the notifications required by § 202.9(a)(1) and (a)(2) of Regulation B.

## COUNT I
## (EQUAL CREDIT OPPORTUNITY ACT)

19.  Plaintiffs incorporate paragraphs 1 - 17 as if set forth verbatim herein.

20.  Defendant has not complied with the notification requirements of the Equal Credit Opportunity Act set forth in Regulation B, 12 C.F.R. § 202.9(a)(1) and (a)(2) of Regulation B and have otherwise violated the ECOA.

WHEREFORE, Plaintiffs demand judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seek statutory damages, punitive damages, attorneys' fees and costs of this cause.

WHEREFORE, Plaintiffs prays that this Honorable Court grant the following relief:

a.  Declare the acts and omissions of Defendant to be violative of the ECOA;

b.  Award Plaintiffs statutory ECOA punitive damages;

c.  Award a reasonable attorneys' fee;

d.  Award to Plaintiffs their costs; and

e.  Grant such other and further relief as may be just and proper.

## COUNT II
## BREACH OF CONTRACT

20.  Plaintiffs incorporate paragraphs 1 - 19 as if set forth verbatim herein.

21.     Defendant gave Plaintiffs a good faith estimate for the home loan at issue, and induced Plaintiffs to undertake further expense and time in the furtherance of said contract.

22.     Plaintiffs fulfilled every requirement of said contract, but Defendant refused to grant said loan, thereby breaching said contract.

WHEREFORE, Plaintiffs demand judgment against Defendant for such sum of actual, compensatory, expectation, and incidental damages as the Court may find to be just and fair, plus costs.

### COUNT III
### FRAUD

23.     Plaintiffs incorporate paragraphs 1 - 22 as if set forth verbatim herein.

24.     Defendant represented to Plaintiffs that it would provide a loan for the purchase of of real property and construction.

25.     Said representations were false and Defendant knew they were false or, were false and Defendant, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant by mistake, but with the intention that Plaintiffs should rely on them.

26.     Plaintiffs believed the said representations and relied on them and acted upon them by tendering fees to the plaintiff, paying for title work on the property at issue, and ceasing to attempt to obtain financing from other sources.

27.     As a proximate result of said fraud, the Plaintiffs were caused to suffer said injuries and damages.

28.     Plaintiffs claim punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, Plaintiffs demand Judgment against the Defendant for actual and punitive damages in an amount in excess of the jurisdictional requirements of this Court plus costs and interest.

JAMES K. LAMBERT
21 South Section Street
Fairhope, AL  36532
Telephone:	(251) 928-5595
Facsimile	(251) 990-0626
jl@jameslambertlaw.com


BY  s/  James Lambert
James Lambert
Attorney for Plaintiffs








Plaintiffs' Address:                                                     Defendant's Address:

P.O. Box 10763                                                            C T Corporation System
Mobile, AL 36610                                                         2 North Jackson ST., Suite 605
                                                                                    Montgomery, AL 36104