# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES F. HARRIS, JR., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0697-WS-M |
| | ) |
| HANCOCK BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant's Motion for Partial Dismissal (doc. 6). The prescribed briefing deadlines having expired without any response by plaintiffs, the Motion is now ripe for disposition.[1]

**I.   Relevant Background.**

Plaintiffs, Charles F. Harris, Jr. and Earline M. Harris, brought this action against defendant, Hancock Bank, arising from Hancock's denial of a home loan and construction loan that plaintiffs sought for a parcel of real property in Baldwin County, Alabama. According to the well-pleaded allegations of the Complaint, plaintiffs had ongoing dealings with a number of Hancock representatives from December 2008 through March 2010 regarding their requested loan. Plaintiffs allege that they paid various fees, undertook various activities, and provided various information to Hancock during this prolonged loan application process, only to be abruptly and unceremoniously notified by Hancock on March 30, 2010 "that Hancock Bank would not provide the loan." (Doc. 1, ¶ 17.)

---

[1]   On March 9, 2011, the undersigned entered a briefing schedule providing that any party opposing the Motion for Partial Dismissal "must file a response, supported by legal authority as appropriate, on or before **March 21, 2011**." (Doc. 8, at 1.) Plaintiffs neither filed a response nor requested an enlargement of time in which to do so.

Based on these underlying events, the Harrises interpose a cause of action against Hancock for violation of the Equal Credit Opportunity Act, consisting of alleged noncompliance with the statute's notification requirements (Count I). Plaintiffs also assert state-law claims for breach of contract (Count II) and fraud (Count III). Defendant's Motion for Partial Dismissal seeks dismissal of Counts II and III pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim on which relief can be granted.[2]

## II.     Analysis.

### A.     *Applicable Legal Standard.*

Because this matter is presented on a Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.").

To withstand a motion to dismiss for failure to state a claim, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit recently explained, *Twombly/Iqbal* principles simply require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker*, 623 F.3d at 1380 (citations omitted). "Plausibility is the key." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010). The factual content of

---

[2]  The Motion does not call for dismissal of Count I, so this Order will examine neither facts nor law pertaining to that statutory cause of action.

the complaint must be sufficiently developed to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citations omitted).

### B.     *Sufficiency of Complaint's Allegations of Breach of Contract and Fraud.*

Hancock maintains that the Harrises' breach of contract claim does not pass muster under *Twombly* and *Iqbal* because the factual allegations of the Complaint do not support a plausible inference that any contract existed. Count II of the Complaint reflects that (i) the breach of contract cause of action is predicated solely on Hancock's issuance of a good faith estimate to plaintiffs; and (ii) Hancock's breach of said contract was its refusal to grant the loan.[3] Thus, plaintiffs' breach of contract claim is rooted exclusively in the notion that the good faith estimate created a binding contractual obligation for defendant to make a home loan to plaintiffs, and that Hancock breached the contract by subsequently refusing to issue the loan. On the proffered factual allegations, this theory fails as a matter of law. As defendant points out, applicable regulations under the Real Estate Settlement Procedures Act provide that a good faith estimate issued by a lender "is not a loan commitment. Nothing in this section shall be interpreted to require a loan originator to make a loan to a particular borrower." 24 C.F.R. § 3500.7(g). Thus, defendant persuasively asserts that Count II improperly conflates a good faith estimate with an enforceable contract to issue a loan.

Plaintiffs do not offer anything in response to this argument.[4] Their Complaint does not identify any terms of the good faith estimate that might override the RESPA regulations and give

---

[3]     In particular, the Complaint alleges the following: "Defendant gave Plaintiffs a good faith estimate for the home loan at issue, and induced Plaintiffs to undertake further expense and time in the furtherance of said contract." (Doc. 1, ¶ 21.) The next paragraph reads as follows: "Plaintiffs fulfilled every requirement of said contract, but Defendant refused to grant said loan, thereby breaching said contract." (*Id.*, ¶ 22.) Read in context, the phrase "said contract" could only be referring to the good faith estimate.

[4]     Plaintiffs' decision not to proffer facts or law in response to the Motion for Partial Dismissal, despite a full and fair opportunity to do so, is at their peril. Federal courts generally do not develop arguments that the parties could have presented but did not. *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it" and "the onus is upon the parties to formulate arguments"); *Pears v. Mobile County*, 645 F. Supp.2d 1062, 1081 n.27 (S.D. Ala. 2009) ("The parties having chosen not to brief this (Continued)

rise to a contractual obligation on Hancock's part to grant the loan. Nor does the Complaint specify any other factual basis for plaintiffs' contention that defendant entered into a contract to issue a home loan to them. In its present form, Count II relies on nothing more than "labels and conclusions," which simply "will not do." *Twombly*, 550 U.S. at 555. Simply put, nothing in the well-pleaded factual allegations of the Complaint supports a reasonable inference that Hancock ever promised to grant a loan to the Harrises. In the absence of any specific pleaded facts that reasonably allege the existence of such a contract, the Motion for Partial Dismissal is properly **granted** as to Count II for failure to set forth facts raising plaintiffs' right to relief above the speculative level.

The Court reaches a similar conclusion as to defendant's request to dismiss the fraud claim found at Count III of the Complaint. Count III states, without elaboration, that "Defendant represented to plaintiffs that it would provide a loan for the purchase of real property and construction." (Doc. 1, ¶ 24.) The trouble is that the fact section of the Complaint is silent as to this purported representation. From reading the Complaint, it is impossible to discern who made this alleged representation, when and where it was made, whether the representation was written or oral, or any other facts and circumstances relating to that representation. Substantive fraud allegations "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard, which requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation and internal quotation marks omitted).

The fraud allegations in Count III fall well short of Rule 9(b)'s baseline requirements. *See id.* ("pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud") (citation and internal quotation marks omitted). Furthermore, Count III as pleaded does not comport with *Twombly* and *Iqbal* because it lacks sufficient factual

---

issue thoroughly, they cannot be heard to balk if the undersigned does not perform their research and develop their arguments for them.").

matter, accepted as true, to state a plausible claim for fraud. The Complaint does not identify any Hancock representative who ever made a fraudulent statement, much less set forth the specific content and context of such a statement, but instead trades in conclusory labels and generalities, which simply are not sufficient to satisfy threshold pleading requirements. For these reasons, and given the lack of any rejoinder by plaintiffs, the Motion for Partial Dismissal is **granted** as to Count III.

### III. Conclusion.

For all of the foregoing reasons, Defendant's Motion for Partial Dismissal (doc. 6) is **granted**. Counts II (breach of contract) and III (fraud) of the Complaint are **dismissed without prejudice** as being inadequately pleaded under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.[5] This action will proceed solely as to Count I (violation of Equal Credit Opportunity Act). Defendant is **ordered** to file an Answer to the Complaint on or before **April 28, 2011**.

DONE and ORDERED this 14th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Insofar as Hancock seeks dismissal of Counts II and III with prejudice, that request is **denied**. The sole bases for defendant's Rule 12(b)(6) Motion are pleading defects that may be correctable upon amendment. The Court cannot rule out the possibility that a more carefully drafted complaint might state viable claims for breach of contract and fraud; therefore, the interests of fairness and equity militate in favor of dismissing these claims without prejudice to plaintiffs' ability to file a timely motion to amend their pleading to correct these defects prior to the scheduling order's deadline for doing so. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (citation omitted).