IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES F. HARRIS, JR.,** *et al.*, | ) |
| | ) |
|    **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 10-0697-WS-M** |
| | ) |
| **HANCOCK BANK,** | ) |
| | ) |
|    **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on the Notice of Voluntary Dismissal (doc. 10) filed by plaintiffs, Charles F. Harris, Jr., and Earline M. Harris, by and through their counsel of record. In the Notice, plaintiffs state, without elaboration, that they wish for this action to be dismissed without prejudice. Pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P., a plaintiff may dismiss an action without order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment …." *Id.* Defendant, Hancock Bank, has filed neither an answer nor a motion for summary judgment; therefore, plaintiffs are entitled to dismiss this action unilaterally, and without court action.[1] Accordingly, by the terms of the Notice of Voluntary Dismissal and Rule 41(a), this case is **dismissed without prejudice**, each party to bear his, her or its own costs.

    DONE and ORDERED this 28th day of April, 2011.

                                                                 s/ WILLIAM H. STEELE
                                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("As the notice of dismissal was filed before the United States had served its answer or motion for summary judgment, Qureshi's notice was … immediately self-effectuating. … [I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself.").